**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZWEIG, an individual, | Case No. 17-cv-05624-MEJ |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| YOSI, INC., a New York corporation, | **Hearing Date: June 21, 2018** |
| Defendant. | **Time: 10:00 a.m.**<br>**Location: Courtroom B, 15th Floor**<br>**Hon. Maria-Elena James** |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on June 21, 2018 at 10:00 a.m., in the Courtroom of the Honorable Maria-Elena James, United States Magistrate, Courtroom B, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Plaintiff David Zweig ("Zweig"), will move the Court for an order granting default judgment against defendant Yosi, Inc in the amount of $188,948.96. The motion will be based on this motion, the Declaration of David Zweig and accompanying Exhibit, submitted therewith, the Declaration of Stephen Henry and accompanying Exhibit, submitted therewith, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.  INTRODUCTION**

3

Plaintiff David Zweig originally requested a default judgment by clerk against defendant

4

Yosi Inc. under Rule 55(b)(1) of the Federal Rules of Civil Procedure on the basis that the

5

damages were ascertainable by computation.  By order dated February 5, 2018, the Court denied

6

Plaintiff's request without prejudice, implicitly ruling that default judgment was not available as

7

a clerk's judgment, and explicitly stating that "[a]ll motions for default judgment motions filed

8

pursuant to Federal Rule of Civil Procedure 55(b)(2) shall be filed in compliance with Civil

9

Local Rule 7, be structured as outlined in Attachment A below, and include all relevant legal

10

authority and analysis necessary to establish the case."  Subsequently, on March 7, 2018, the

11

Court issued an Order Vacating Hearing; For Supplemental Briefing.  Plaintiff submitted the

12

Supplemental Brief on March 21, 2018.

13

In the Supplemental Brief, Plaintiff agreed with the Court that New York law applied and

14

the Court allowed leave to amend his complaint to assert a claim under the New York Labor

15

Code.  Plaintiff then re-served Defendant with the amended complaint to which Defendant did

16

not respond.   Plaintiff sought and obtained a default from the clerk on May 11, 2018 and now

17

seeks a default judgment in the amount of $188,948.96.

18

**II.  DISCUSSION**

19

**A. Jurisdiction and Service of Process**

20

In considering whether to enter default judgment, a district court must first determine

21

whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d

22

707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to

23

plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction

24

over both the subject matter and the parties.").

25

1. Subject Matter Jurisdiction

26

This Court has original jurisdiction of this matter under 28 U.S.C. § 1332 on the basis

27

that the amount in controversy exceeds $75,000, and the parties are citizens of different states.

28

1   This Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367(a)

2   because all claims derive from the same common nucleus of operative facts.

3                     2. Personal Jurisdiction

4          Jurisdiction over Defendant Yosi, Inc. exists because the acts and omissions about which

5   Plaintiff complains took place in the State of California.  Those acts meet the minimum contacts

6   analysis under *Walden v. Fiore*, 134 S. Ct. 1115 (2014).  First, the relationship…arise[s] out of

7   contacts that the "defendant himself" create[d] with the forum State" (*Id*. at 1122) because

8   Defendant Yosi hired Mr. Zweig in California as evidenced by the Employment Agreement itself

9   at section 3.b.: "Officer's primary business office and normal place of work will be located in

10  Piedmont, California" and Plaintiff's signature executed in Piedmont, California.  Second, while

11  the *Walden* court states "our "minimum contacts" analysis looks to the defendant's contacts with

12  the forum State itself, not the defendant's contacts with persons who reside there" (*id*.), the Court

13  also stated that "we have upheld the assertion of jurisdiction over defendants who have

14  purposefully "reach[ed] out beyond" their State and into another by, for example, entering a

15  contractual relationship that "envisioned continuing and wide-reaching contacts" in the forum

16  State."  *Id*.  Clearly, a contract with an officer who would work and reside in Piedmont,

17  California anticipated "continuing and wide-reaching" contacts with the state.  The *Walden*

18  Court stated that "it is the defendant's conduct that must form the necessary connection with the

19  forum State that is the basis for its jurisdiction over him," (*id*.) in the case the conduct of hiring

20  an officer in and from California.

21         Further, Yosi had a strong desire to sell its product to doctors in California and Plaintiff

22  was part of a substantial marketing effort directed at doctors in California.  While Plaintiff

23  worked for Yosi, he and a colleague made 40 cold calls in person in Los Angeles on behalf of

24  Yosi, trying to sell its product in California.   Plaintiff also called dozens of California doctors'

25  offices by phone, attempting to sell Yosi's product.  In addition, Plaintiff sent out hundreds of

26  sales mailings to doctors in California.  See Declaration of David Zweig, para. 6.

27         The latter activities alone constitute substantial contacts between Yosi and California

28  beyond Yosi's contact with Plaintiff.

1

       3. Service of Process

2

       Service of process was effected by service on a director of Yosi, Inc. See Declaration of

3

Stephen F. Henry, para. 2.

4

       **B. Legal Standard**

5

       Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a

6

defendant, to enter default judgment in a case. "The district court's decision whether to enter

7

default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

8

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the

9

following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the

10

merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money

11

at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default

12

was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

13

Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

14

1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of

15

Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or

16

exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual

17

allegations within the complaint are accepted as true, except those allegations relating to the

18

amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

19

       **C. Application to the Case at Bar**

20

       (1) the possibility of prejudice to the plaintiff:

21

       There is prejudice to Plaintiff if the default judgment is not entered insofar as he cannot

22

keep pursuing Defendant who refuses to respond.  See *Walters v. Shaw/Guehnemann Corp., No.*

23

*C 03–04058 WHA*, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D.Cal. Apr. 15, 2004) ("To deny

24

plaintiffs' motion [for default judgment] would leave them without a remedy. Prejudice is also

25

likely in light of the merits of their claim.")  A default judgment in the specific amount owed by

26

Defendant, plus attendant penalties and interest, is simply what Plaintiff is owed under the

27

contract.

28

       (2) the merits of plaintiff's substantive claim and (3) the sufficiency of the complaint

1    The complaint establishes a contract, a breach, and damages from that breach, which

2   damages include a penalty for violation of the California Labor Code.  The claims are simple,

3   straightforward and easily proven at trial if Defendant bothered to respond to the complaint and

4   participated in the litigation.

5        (4) the sum of money at stake in the action

6        The sum of money at stake is reasonable and is no more than the contract damages, a

7   statutory Labor Code penalty, interest and attorney's fees and costs.  The sum is not large nor is

8   it overreaching.  See *Board of Trustees of the Cal. Metal Trades v. Peter*, No. 00–0395, 2000

9   U.S. Dist. LEXIS 19065, *5 (N.D.Cal., Dec. 29, 2000) (holding that this factor favors entry of

10  default where "[t]he amount at stake is minor in comparison to the potential loss ... as a result of

11  defendants' conduct").

12        (5) the possibility of dispute concerning material facts

13        Plaintiff sees no possibility of a dispute concerning material facts.  He did his job,

14  pursuant to the contract, and was not paid all that he was owed for it.  Defendant has not

15  appeared to raise any issues regarding any deficiency on Plaintiff's part.

16        (6) whether default was due to excusable neglect

17        The undersigned and Plaintiff have spoken to, and communicated by email with,

18  Defendant's CEO who is aware of the controversy and the lawsuit.  See Declaration of David

19  Zweig, para. 15, and Declaration of Stephen F. Henry, para. 4.  Hari Prasad, Chief Executive

20  Officer and Plaintiff have had numerous communications in which Plaintiff requested to be paid

21  on the contract.  Prasad has never denied owing Plaintiff the money but has simply refused to

22  pay it.  Plaintiff sought to be paid through the normal payroll process so that he would obtain

23  paystubs and payroll taxes would be paid.  Mr. Prasad did not want to set up a payroll process

24  and sought to avoid paying payroll taxes.  There is nothing excusable about his neglect.

25        (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions

26  on the merits.

27        If Defendant won't appear to participate in a decision on the merits, that failure

28  outweighs the policy favoring decision on the merits.

**D. Relief Sought: Plaintiff Zweig Claims Wages and Penalties Under New York Law**

The contract between Plaintiff and Yosi, Inc. states:

Governing Law. This Agreement will be governed by, and construed in accordance with, and all disputes between the parties will be governed exclusively by the domestic internal laws of the State of New York, without regard for conflicts of law principles.

In the instant case, New York choice of law applies to statutory violations of Yosi's obligation to pay owed wages and Plaintiff requests that the Court grant default judgment on the following cause of action in Plaintiff's amended complaint:

*VIOLATION OF NEW YORK LABOR CODE SECTIONS*

*(By Plaintiff Zweig Against Defendant Yosi Inc. and Does One through Fifty)*

9.    *At the time of Plaintiff's termination, Plaintiff had accrued unpaid wages earned from a company operating in the State of New York.*

10.    *Pursuant to New York Labor Law §191, at the time Plaintiff's employment terminated, Defendant was obligated to pay Plaintiff's wages earned and unpaid.  In violation of New York Labor Law §191, Defendant failed to pay Plaintiff any of the amount of wages due and owing Plaintiff.  Although Plaintiff demanded payment, Defendant has refused and continues to refuse to pay Plaintiff the amount he is due and owed.*

11.    *Since the date of Plaintiff's termination of employment with Defendant, Plaintiff has been available and ready to receive the amount of wages he is due and owed.*

12.    *Defendant's failure to pay Plaintiff the wages due and owed was and has been willful in that Plaintiff has made both verbal and written demand for this payment but Defendant has refused to pay any part of the amount due and owed.*

13.    *Defendant's failure to pay Plaintiff the wages due and owed permits recovery under New York Labor Code 198(1)(a), which provides for liquidated damages in the amount equaling the unpaid wages.  Therefore, Plaintiff is entitled to a penalty in the amount of his unpaid wages multiplied by two.*

14.    *Pursuant to New York Labor Code 198(1)(a), Plaintiff requests that the*

*court award reasonable attorney fees and costs incurred in this action, as well as interest accrued.*

**B. Calculation of Damages**

Plaintiff has recalculated damages in a spreadsheet, attached to his Declaration as Exhibit B, which reflects the unpaid wages from September 2016 through March 2017 when Plaintiff's salary was $140,000, the unpaid wages from April 2017 through August 2017 when his salary dropped to $80,000 as a result of milestones being reached, the unpaid severance amount, unpaid expenses, New York Labor Code penalties, attorney's fees and costs, and interest, as follows:

- $69,775.45 in unpaid salary not including interest.

- $12,193.33 in lump sum, cash severance payment equal to two months' of base salary.

- $1,172.50 for money advanced to pay for legal fees incurred by Yosi with regard to documents prepared on behalf of the company.

- $81,968.79 in penalties for failure to pay wages pursuant to New York Labor Code 198(1)(a).

- $14,770 in attorney's fees pursuant to New York Labor Code 198(1)(a).

- $450 for the filing fee, $125 for attempted but unsuccessful service of process on Yosi's office, and $125 for a successful service of process on Yosi.

- $ 8,368.89 in  prejudgment interest at a rate of 9%.

**C. Service on Defendant**

All pleadings have now been served on Yosi, Inc. and this Motion will be served as well.

**III. CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff's Request for Default Judgment, and issue judgment in the amount of $188,948.96.

Dated: May 17, 2018

STEPHEN F. HENRY, ESQ.

By:/s/Stephen F. Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff