1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NOTHERN DISTRICT OF CALIFORNIA

DAVID ZWEIG, an individual,

Plaintiff,

vs.

YOSI, INC., a New York corporation,

Defendant.

Case No. 17-cv-05624-WHA

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEAFULT AND DEFAULT JUDGMENT**

**Hearing Date: September 12, 2019**
**Time: 8:00 a.m.**
**Location: Courtroom 4**
**Hon. William Alsup**

# TABLE OF CONTENTS

I.#   INTRODUCTION................................................................................1#

II.#  ISSUES PRESENTED............................................................1#

III.# PROCEDURAL HISTORY AND BACKGROUND FACTS......................................2#

IV.#  DISCUSSION .................................................................................6#

    A.  YOSI'S MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT
        IS NOT TIMELY ...................................................................6#

    B.  YOSI FAILS TO SHOW THAT IT IS ENTITLED TO ITS DEFAULT
        BEING SET ASIDE ...............................................................7#

        1. Yosi Fails To Meet All Of The Requirements For A Setting Aside Of
           The ...........................................................................7#

        2. Yosi's Inaction Was Inexcusable And Willful ...................................9#

        3. Plaintiff Will Be Prejudiced by Setting Aside the Entry of Default and
           Judgment ..................................................................12#

        4. Yosi's Defenses Are Unavailing.......................................................12#

V.#   CONCLUSION .................................................................................14#

# TABLE OF AUTHORITIES

**Cases**#

*Brandt v. American Bankers Ins. Co. of Fla.* (9th Cir. 2011) 653 F.3d 1108 ................................ 7

*Meadows v. Dominican Republic* (9th Cir. 1987) 817 F.2d 517 ................................. 1, 5

*Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership* (1994) 50 U.S. 380 ....... 6

*State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada* (2nd Cir. 2004) 374 F.3d 158.. 1

*U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle* (9th Cir. 2010) 615 F.3d 1085 .......... 7

*United States v. Aguilar* (9th Cir. 2015) 782 F.3d 1101 ................................ 7

*Walden v. Fiore* (2014) 134 S. Ct. 1115 ..................................... 10

**Statutes**#

Federal Rule Civ. Proc. 4 ................................................. 8

New York Consolidated Laws, Civil Practice Law and Rules - CVP § 311 ................................. 9

Plaintiff's Opposition to
Motion To Set Aside Default

1

## I.  INTRODUCTION

2

3      Defendant, Yosi Inc., knew for a period of more than six months that Plaintiff, David

4  Zweig, was in the process of obtaining a default judgment against it.  That default was entered by

5  the clerk on May 11, 2018.  Thereafter, Zweig obtained a default judgment in the amount of

6  $188,948.96 on July 5, 2018 —again, with full knowledge of Yosi's principal, Hari Prasad.

7  Despite this knowledge, Yosi filed its Motion to Set Aside Default and Default Judgment almost

8  one year later, avoiding the one year limitation governing such a motion by two days.  Although

9  Yosi may have had defenses it could have raised in 2017 and 2018, intentionally waiting until

10 two days before the default judgment could no longer be challenged is patently *not* timely action

11 to set aside a default judgment, and Yosi cannot show good cause for litigating the merits of this

12 lawsuit at this late date.  Further, while Yosi claims it believed it was ineffectively served, and

13 that Zweig's claims against it were subject to arbitration, it does not, and cannot, show that it was

14 unaware of the lawsuit.  Nor does it offer any compelling legal justification for waiting almost

15 two years after it was first provided notice of the underlying lawsuit to make an appearance.

16      To put a point on it, a motion for relief is not necessarily timely because it was filed

17 within one year after entry of the judgment.  It must also have been brought diligently and within

18 a reasonable time.  FRCP 60(c)(1); *Meadows v. Dominican Republic*, 817 F.2d 517, 520-521

19 (9th Cir. 1987); *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158,

20 179 (2nd Cir. 2004).  As emphasized above, and demonstrated below, Yosi failed to diligently

21 address the default, as well as the judgment against it, and further failed to address the

22 underlying reason why a default judgment was entered against it in the first place.  In short, the

23 default and default judgment were the result of entirely inexcusable, and intentional lack of

24 attention to this case; and for this reason alone, this Court should deny Yosi's Motion to Set

25 Aside The Default Judgment.

## II.  ISSUES PRESENTED

26      1.  Whether Defendant Yosi delayed its Motion to Set Aside Default Judgment for too

27          long to be heard.

28

2.   Whether Defendant Yosi's intentional and inexcusable failure to respond to Zweig's summons and complaint and multiple subsequent pleadings is cause to deny its Motion to Set Aside Default Judgment.

**III. PROCEDURAL HISTORY AND BACKGROUND FACTS**

Defendant is selective in its account of the procedural history of the case and omits the following critical facts:

1)   The undersigned was in contact with Yosi's principal, Hari Prasad, and transmitted pleadings filed in the case to him.  Therefore, Mr. Prasad was on notice of the lawsuit as early as October 2017 and was subsequently aware of service of process, of the request for default judgment, and the bases therefor.

2)   Mr. Prasad was aware, and was served with, the Default Judgment.  The undersigned emailed Mr. Prasad about the entry of judgment two days after it was entered on July 5, 2018.

3)   Mr. Prasad hired local counsel who wrote to the undersigned on August 1, 2018, stating that he was going to file an appeal if the case could not be settled, thus exhibiting knowledge that an appeal was an appropriate step (a step which Yosi chose not to take).

On September 28, 2017, a complaint was filed in the Northern District of California on behalf of David Zweig against Yosi, Inc.  Declaration of Stephen Henry ("Decl. of Henry"), para. 2.  On September 2, 2017, a summons was issued by the Court.  Decl. of Henry, para. 4.  On October 4, 2017, Notice of A Lawsuit and Request To Waive Service Of Summons was mailed to Yosi, Inc. at the address listed by Mr. Prasad in his email correspondence and acknowledged in his declaration as the correct address.  Decl. of Henry, para. 5 and Exhibit B.  On October 4, 2017, in response to an email from Mr. Prasad, Plaintiff's counsel informed Mr. Prasad that a complaint had just been sent to Yosi, Inc.  Decl. of Henry, para. 6 and Exhibit C.  In November, 2017, not having received acknowledgment of service from Yosi, Inc., Plaintiff's counsel retained OneLegal to attempt service on Yosi, Inc.  That service was unsuccessful.  Decl. of Henry, para. 7, Declaration of David Zweig ("Decl. of Zweig"), para. 9.

On November 30, 2017, Mr. Zweig hired JS Legal Services process server in New York City.  Decl. of Zweig, para. 13.  On December 1, 2017, Mr. Zweig called Delaware Department of Corporations to learn who could be served process within Yosi.  Decl. of Zweig, para. 13. They identified three other directors besides Mr. Prasad: one was not locatable; one is a Yosi employee; one was Dr. Jonathan Feistmann.  Decl. of Zweig, para. 14.  Mr. Zweig was given the name Harvard Business Services as Yosi's listed agent. Calling Harvard, Mr. Zweig learned Yosi had not maintained its account in good standing and Harvard could not accept service for him. Decl. of Zweig, para. 15.  This was in violation of Delaware law.  Decl. of Zweig, para. 11, 12. On December 4, 2017, JS Legal Services attempted service at Yosi's office and was refused admission.  Decl. of Zweig, para. 16.  On December 5, 2017, JS Legal Services again attempted service at Yosi's office and was again refused admission. Decl. of Zweig, para. 17.

Plaintiff then chose to serve Dr. Feistmann as a director based on the following information known directly by Plaintiff:

- The Delaware Department of Corporations identified Dr. Feistmann as a director.
- Delaware Department of Corporations continues to identify Dr. Feistmann as a director.
- Dr. Feistmann was personally introduced to Mr. Zweig (and others) as a director.
- Dr. Feistmann attended two business meetings in New York City, with Mr. Zweig present, as a director
- Dr. Feistmann was listed on Yosi's website as a director
- Directors are legal recipients of legal processes
- Dr. Feistmann has a duty of care to inform Yosi of the served process.

Decl. of Zweig, para. 18.

On December 7, 2017, JS Legal Services went to Dr. Feistmann's office where he was served.  Decl. of Zweig, para. 19; Decl. of Henry, para. 8 and Exhibit D.  In each case, the process was addressed to Yosi, Inc., and not Dr. Feistmann's business, NYC Retina.  No answer was ever filed.  Decl. of Zweig, para. 19.  On December 21, 2017, Plaintiff's counsel served Yosi with a Motion for Partial Summary Judgment at the address acknowledged by Mr. Prasad in his

declaration to be the correct business address for Yosi.   Decl. of Henry, para. 9 and Exhibit E.
On January 5, 2018, in an email acknowledged by Mr. Prasad on January 11, Plaintiff's counsel
alerted Mr. Prasad of Mr. Zweig's intent to take Yosi's default.   Decl. of Henry, para. 10 and
Exhibit F.  On January 12, 2018, Plaintiff sought a default judgment and, on January 23, 2018,
the Clerk entered default against Yosi.  Decl. of Henry, para.11.  On January 31, 2018, Plaintiff
sought a default judgment which was denied without prejudice.  Decl. of Henry, para. 12.

On March 7, 2018, the Court issued an Order Vacating Hearing; For Supplemental
Briefing.  Decl. of Henry, para. 13.  Plaintiff submitted the Supplemental Brief on March 21,
2018 and served the following pleadings on Yosi:  Plaintiff's Motion for Default Judgment,
Declaration of Stephen Henry, Declaration of David Zweig, Order Vacating Hearing, and
Supplemental Brief.  The pleadings were served by mail at the address used by Mr. Prasad in all
of his emails.  Decl. of Henry, para. 14 and Exhibit G.  On April 2, Hari Prasad acknowledged by
email that he received the package of pleadings.  Decl. of Henry, para. 14 and Exhibit H.

In the Supplemental Brief, Plaintiff agreed with the Court that New York law applied and
the Court allowed leave to amend the complaint to assert a claim under the New York Labor
Code.  Plaintiff then re-served Defendant, through Dr. Feistmann, on April 4, 2018, with the
Amended Complaint to which Defendant did not respond.   Decl. of Henry, para. 15 and Exhibit
I.  On May 9, 2018, Plaintiff's counsel then served a Declaration of Stephen Henry In Support of
Request for Default on Yosi, Inc. by mail at the address used by Mr. Prasad in all of his emails.
Decl. of Henry, para. 16 and Exhibit J.

Plaintiff sought and obtained a default on the Amended Complaint from the clerk on May
11, 2018.  Decl. of Henry, para. 17.  On June 5, 2018, Plaintiff's counsel served the Court's
"Order for Reassignment With Report and Recommendation Re: Motion for Default Judgment"
by mail at the address used by Yosi (as acknowledged in Mr. Prasad's declaration).  Decl. of
Henry, para. 18 and Exhibit K.  On July 5, 2018 this Court adopted the Magistrate Judge's
recommendations and awarded Mr. Zweig unpaid wages, severance, liquidated damages,
interest, and additional costs.  Decl. of Henry, para. 19.  On July 31, 2018, Plaintiff's counsel
received an email from attorney Seth Wiener stating in part "I am in the process of being

retained by Yosi to file an appeal in the above case.  The deadline to file the appeal is quickly approaching, and my client would like to engage in settlement discussions before incurring the costs of an appeal."  Decl. of Henry, para. 20 and Exhibit L.

On August 28, 2018. Mr. Zweig was advised by a North Carolina attorney that he could garnish payments to Yosi from its only meaningful customer, located in Wake County, North Carolina. A motion was filed August 23, 2018. Mr. Prasad was served by mail on September 4, 2018.  Decl. of Zweig, para. 22.  In February 2019, Yosi retained New York counsel, Alejandro Maher, Esq., of Frigon, Maher, and Stern LLP, who made an offer of settlement, and threatened to have the judgment overturned in New York, but made no attempt to have the judgment in this Court vacated at that time.  Decl. of Zweig, para. 23.

On February 14, 2019 Mr. Zweig learned that the North Carolina attorney was mistaken and that Mr. Prasad would have to be a North Carolina resident or own real property in the state for the motion to go forward; and in response, Mr. Zweig began the process of localizing the judgment to New York for collection.  Decl. of Zweig, para. 24.  On or around April 1, 2019, an attorney that Mr. Zweig hired in New York to collect on the judgment filed a motion for summary judgment in lieu of Complaint in the Supreme Court of New York, New York County.  Decl. of Zweig, para. 25.

On April 4, 2019, Mr. Prasad's lawyer, Mr. Maher, wrote to Mr. Zweig's New York lawyer stating he (Maher) was "not authorized to accept service on behalf of [his] client," explaining that Mr. Prasad had ordered him not to accept service.  Decl. of Zweig, para. 26.  Mr. Zweig then proceeded with an action to domesticate this Court's judgment in New York, erving Yosi.  Decl. of Zweig, para. 27 – 34.  In the process, Mr. Zweig discovered that Dr. Feistmann remained a registered director of Yosi.  On April 10, 2019. Dr. Feistmann again accepted service in New York City. Decl. of Zweig, para. 36.  Dr. Feistmann did not advise the process server that he was not authorized to accept service.  Decl. of Zweig, para. 37 and 38.

As the facts set forth above conclusively establish, Yosi was repeatedly and over an extended period of time put on notice of the action in this Court and had multiple opportunities

to challenge Mr. Zweig's claims in this Court, but intentionally chose not to do so.  To
summarize, those opportunities occurred:

- In October 2017, after it received Notice of the initial lawsuit.
- In December 2017, after Dr. Feistmann was served with a summons and a complaint.
- In December 2017, after Yosi was served with a Motion for Partial Summary Judgment.
- In January 2018, after Plaintiff's counsel warned Mr. Prasad that Mr. Zweig would take Yosi's default.
- In April 2018, after Yosi was served with a Motion for Default Judgment, receipt of which was acknowledged by Mr. Prasad in an email.
- In May 2018, after Dr. Feistmann was served with another summons and the Amended Complaint.
- In June 2018, after Yosi was served with the Order for Reassignment With Report and Recommendation.
- In July 2018, when Yosi's attorney announced its intention to file an appeal.
- Throughout 2018, when Yosi was fully aware of the default judgment.

Put simply, Yosi affirmatively chose not to litigate its claims despite multiple opportunities, and
it is too late do so now.

**IV. DISCUSSION**

**A. Yosi's Motion for Relief From The Default Judgment Is Not Timely**

Yosi's motion, although squeaking in under the wire of the one year limitation set by
Fed. Rule Civ. Proc. 60(c)(1), is still subject to a finding that it is untimely on the basis of
inexcusable delay.  Specifically, Yosi intentionally waited almost an entire year to seek relief,
despite being fully aware of the judgment and the implications thereof.  Yosi's untimeliness is a
basis for denial of the motion.  A motion for relief is not necessarily timely because filed within
1 year after entry of the judgment.  It must also have been brought diligently and within a
reasonable time.  *Meadows v. Dominican Republic*, 817 F.2d 517, 520-521 (9th Cir. 1987)

(noting that delayed motion to set aside was timely because no attempt had been made to execute on the judgment).

In this case, there have been numerous communications with Yosi, a well as between Plaintiff's counsel and Defendant's counsel. Attempts have been made by Plaintiff to enforce the judgment. Yet, without providing any legally compelling justification for its substantial delay, Yosi sat on a motion to set aside the default judgment until the very last minute.

In addition, almost one year before filing the instant motion, an attorney representing Yosi acknowledged the judgment and stated his intent to file an appeal of the default judgment. It is at that time, if any, and not at this last minute, that Yosi should have addressed the default judgment, either by a motion to vacate the judgment or by appeal. It did nothing. It is only now that Plaintiff has undertaken efforts in North Carolina and New York to execute on the judgment that Yosi has belatedly decided to finally take action.

Such a delay not only adversely affects Plaintiff, who has invested significant time and resources to engage in enforcement proceedings, but, seeks to undermine the Court's policy of finality: "…once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment [under Rule 60(b)] is circumscribed by public policy favoring finality of judgments and termination of litigation." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F3d 345, 353 (6th Cir. 2003). In this case, the judgment was entered, and known to Defendant, for almost a year before it sought to vacate the judgment.

That is too late, and Plaintiff respectfully urges the Court to find the motion is untimely.

**B. Yosi Fails to Show That It Is Entitled To Its Default Being Set Aside**

1. Yosi Fails To Meet All Of The Requirements For A Setting Aside Of The Default Based on Excusable Neglect

Yosi argues that its failure to plead an answer, challenge Plaintiff's request for default, or challenge Plaintiff's request for default judgment were all a result of excusable neglect. What constitutes "excusable" neglect is an equitable determination. As noted by the Supreme Court in an analogous context:

"Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable' … the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include …

— the danger of prejudice to the debtor,

— the length of the delay and its potential impact on judicial proceedings,

— the reason for the delay, including whether it was within the reasonable control of the movant, and

— whether the movant acted in good faith."

*Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 50 U.S. 380, 395, 113 S. Ct. at 1489, 1498 (1993) (addressing "excusable neglect" as ground for permitting late filing of creditor's claim under Bankruptcy Rule 9006(b)(1)).  Although it was decided in a bankruptcy context, the Supreme Court's interpretation of "excusable neglect" explains the plain meaning of the term and applies in other contexts as well.  See *Stutson v. United States*, 516 U.S. 193, 195-196, 116 S.Ct. 600, 602-603 (1996) (six courts of appeal have unanimously applied Pioneer in nonbankruptcy contexts); see *Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112-1113 (9th Cir. 2011).

When a default judgment is challenged on the ground of "excusable neglect," the court has discretion to set aside the default judgment based on good cause.  *Brandt v. American Bankers Ins. Co. of Fla.*, supra, 653 F.3d at 1112-1113.

In exercising this discretion, the court considers the following factors:

— whether default resulted from defendant's culpable conduct (i.e., a "devious, deliberate, willful or bad faith failure to respond");

— whether defendant had no meritorious defense; and

— whether reopening the default judgment would prejudice plaintiff.  *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015).  A finding that any one of these factors exists is sufficient reason for the court to refuse to vacate the default.  *Id*. at 1105.  Contrary to the implication in Defendant's brief, the standard for upholding a judgment by default does not require a finding of "extreme circumstances."  *Id*. at 1107.  However, Yosi's refusal to

1  acknowledge and respond to service of multiple pleadings on Yosi's corporate address

2  (acknowledged by Hari Prasad in his declaration) and its director, Dr. Feistmann over a period of

3  eight months was "extreme" and exhibits culpable conduct.

4      Further, the standard is higher for relief from a default judgment than relief from default:

5      Additionally, "[w]hile the same test applies for motions seeking relief from default
       judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the
6      Rule 55(c) context," such as we consider here. *Cracco v. Vitran Exp., Inc*., 559 F.3d 625,
       631 (7th Cir.2009) (quotations and citations omitted). This is because in the Rule 55
7      context there is no interest in the finality of the judgment with which to contend. See
       *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986).
8

9  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, fn 1 (9th Cir. 2010).

10     In this case, culpable conduct and prejudice exist and Defendant is not entitled to have its

11 default set aside.

12          2. Yosi's Inaction Was Inexcusable And Willful

13     As detailed in the procedural history above, Yosi, and its principal, Hari Prasad,

14 deliberately ignored the action filed in California despite being fully aware of it and being served

15 with two complaints.

16     Yosi argues that "[a] party against whom default judgment has been entered has acted

17 "culpably" if it, "received actual or constructive notice of the filing of the action and

18 intentionally failed to answer." (citation omitted). This is precisely what Yosi did.  Yosi received

19 notice of the action, and the motion for default and default judgment, through the initial Notice

20 of Lawsuit and Request to Waive Service of Summons served on its director, Dr. Feistmann on

21 October 4, 2017, as well as through Plaintiff's counsel's email exchanges with Yosi's Chief

22 Executive Officer.  Yet, it chose to do nothing.  Moreover, and highlighting the disgenuousness

23 of the arguments presented in its motion, Yosi deliberately made it difficult to serve the

24 complaint on it — deliberately refusing to allow the process server access to it offices.  Then,

25 when hen Yosi was served twice through its director, Dr. Feistmann, it failed to respond to the

26

27

28

complaint despite being fully aware of the lawsuit.  And on that point, Dr. Feistmann's claim that he did not communicate service of the complaints to Yosi is simply not credible.[1]

In addition to being a director, Dr. Fesitmann is also a director and his son works for Yosi.  Decl. of Zweig, para. 18.  The summons, which was directed to Yosi, states in part "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  Pure self-interest, in the form of avoiding liability to Yosi as a director, should have propelled Dr. Feistmann to pass on the served complaint and amended complaint to Yosi. It is also notable that in his carefully crafted declaration, Dr. Feistmann states that he did not "inform the Company" about service of the complaint and amended complaint but avoids stating specifically that he did not inform Hari Prasad.  Further, Dr. Feistmann accepted service of the pleading served by Mr. Zweig's New York attorney in April of this year.

Dr. Fesitmann also claims that he was not authorized to accept service and Yosi argues that he was not authorized to accept service.  But, Yosi misstates the law in its Brief.  Federal Rule Civ. Proc. 4 states in relevant part:

> …a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or *any other agent authorized by appointment or by law to receive service of process* and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

(emphasis added)

New York law provides that a Director is authorized to accept service: "(a)  Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1.   upon any domestic or foreign corporation, to an officer, *director*, managing or general agent, or cashier or assistant cashier or to any other agent authorized by

---

[1] Dr. Feistmann admits that he met with Prasad in the summer of 2018 (shortly after being served twice).  It also defies reason that Dr. Feistmann did not mention to Mr. Prasad that he had been served twice on behalf of Yosi at that time.

appointment or by law to receive service." New York Consolidated Laws, Civil Practice Law and Rules - CVP § 311 (emphasis added). Although Dr. Feistmann claims to be an "inactive" director, he does not claim to have resigned as a director. There was nothing improper with the service of process on Dr. Feistmann and Defendant's attempts to suggest improper service, without any legal basis, is unavailing.

Moreover, Mr. Prasad was also served with Notice of A Lawsuit and Request to Waive Service of A Summons, as well as numerous pleadings related to the Motion for Entry of Default, Motion for Entry of Default Judgment, Supplemental Brief, and Report and Recommendation Re Motion for Default Judgment at the address that his declaration admits is the only address for Yosi: 205 East 42nd Street, 14th Floor, New York, NY, 10017. Clearly Mr. Prasad, who admits to being Chief Executive Officer of Yosi, was on notice of the lawsuit, the request for default, the request for default judgment, and the Court's expected decision. Yet, he did nothing.

Defendant further claims that because "Yosi was legally unsophisticated, unrepresented, and reasonably believed that the action was impermissibly proceeding outside of arbitration and outside of New York, Yosi should be granted leeway for the purposes of this motion." Yosi is a corporation, run by a Chief Executive Officer who could have easily hired an attorney to advise Yosi on its legal obligations. In fact, Yosi had prior legal counsel and Mr. Prasad's initial email to Plaintiff's counsel stated that he would consult with Yosi's attorneys.

There really is only one explanation for Yosi's conduct – to intentionally avoid having to defend itself in court. The Court in *Mesle, supra*, 615 F.3d at 1092, explained the standard:

> the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted in bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." (citation omitted). We have "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." (citation omitted)

Mr. Prasad, on behalf of Yosi, did not just make a conscious choice not to answer. He made a conscious choice to ignore multiple service attempts and ignore multiple documents served on

Yosi to prevent Mr. Zweig from pursuing his claims for unpaid compensation and prevent this

Court from making a decision on the merits. Mr. Prasad very intentionally stymied the judicial

process until the judicial process resulted in the <u>only</u> avenue left to it – a default and a default

judgment. What was the other choice? Yosi, through Mr. Prasad would not respond to allow the

judicial process to work. This was a deliberate and willful tactic, taken in bad faith, to avoid

liability.

For this reason too, Yosi's effort to set aside the default judgment, which it invited by its

non-participation, should be denied.

### 3. Plaintiff Will Be Prejudiced by Setting Aside the Entry of Default and Judgment

Mr. Zweig would be substantially prejudiced by a setting aside of the default and default

judgment obtained more than a year ago. Mr. Zweig has been actively engaged in collection

efforts and has engaged an attorney in New York for that purpose. If Yosi is permitted to set

aside the default judgment and proceed with the action it should have begun defending in

October 2017, the significant time and expense that Mr. Zweig has invested in this lawsuit,

including efforts in the post-judgment collection process, will be undermined. And perhaps

worse, Defendant will have been rewarded for its complete disregard of the orderly system of

justice upon which all litigants have a right to rely.

### 4. Yosi's Defenses Are Unavailing

As previously described, Yosi was properly served.

Yosi maintained minimum contacts with California. Jurisdiction over Defendant Yosi,

Inc., exists because the acts and omissions about which Plaintiff complains took place in the

State of California. Those acts meet the minimum contacts analysis under *Walden v. Fiore*, 134

S. Ct. 1115 (2014). First, the relationship…arise[s] out of contacts that the "defendant himself"

create[d] with the forum State" (*Id.* at 1122) because Yosi hired Mr. Zweig in California, as

evidenced by the Employment Agreement, which states, at section 3.b.: "Officer's primary

business office and normal place of work will be located in Piedmont, California"; and Plaintiff's

signature is executed in Piedmont, California. Second, while the *Walden* court states "our

"minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the

1   defendant's contacts with persons who reside there" (*id*.), the Court also states that "we have

2   upheld the assertion of jurisdiction over defendants who have purposefully "reach[ed] out

3   beyond" their State and into another by, for example, entering a contractual relationship that

4   "envisioned continuing and wide-reaching contacts" in the forum State." *Id*. Clearly, a contract

5   with an officer who would work and reside in Piedmont, California anticipated "continuing and

6   wide-reaching" contacts with the state. And, as the *Walden* Court further recognized, "it is the

7   defendant's conduct that must form the necessary connection with the forum State that is the

8   basis for its jurisdiction over him," (*id*.) — in this case, the conduct of hiring an officer in and

9   from California.

10      Additionally, Yosi had a strong desire to sell its product to doctors in California and

11   Plaintiff engaged in a substantial marketing effort directed at doctors in California. While

12   Plaintiff worked for Yosi, he and a colleague made 40 cold calls in person in Los Angeles on

13   behalf of Yosi, trying to sell its product in California. Plaintiff also called dozens of California

14   doctors' offices by phone, attempting to sell Yosi's product. In addition, Plaintiff sent out

15   hundreds of sales mailings to doctors in California. See Declaration of David Zweig, para. 6.

16   The latter activities alone constitute substantial contacts between Yosi and California beyond

17   Yosi's contact with Plaintiff.

18      Finally, Yosi's claim of a defense based on the purported arbitration provision is

19   unavailing because it never raised this issue. Likewise, Yosi may — or may not — have had

20   meritorious substantive defense to Plaintiff's claims under his contract and under New York law

21   but we have no way of knowing that because Yosi affirmatively chose not to raise those defenses

22   through litigation of this matter; and thus waived those defenses by its delay.

23

24

25

26

27

28

**V.  CONCLUSION**

For the reasons stated above, and given Yosi's intentional, repeated and long-standing avoidance of action or response in the instant case, Yosi's Motion to Set Aside The Default Judgment should be denied.

Dated: July 17, 2019

STEPHEN F. HENRY, ESQ.

By:/s/Stephen F. Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff