STEPHEN F. HENRY, ESQ.
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZWEIG, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> YOSI, INC., a New York corporation, <br><br> Defendant. | Case No. 17-cv-05624-WHA <br><br> **DECLARATION OF DAVID ZWEIG IN SUPPORT OF OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT** <br><br> Hearing Date: September 12, 2019 <br> Time: 8:00 a.m. <br> Location: Courtroom 4 <br> Hon. William Alsup |

I, David Zweig, declare:

1. I am the Plaintiff in this action and therefore I personally familiar with and have personal knowledge of the facts and issues set forth herein.

2. I entered into a contract of employment with the Defendant Yosi, Inc., a healthcare-technology startup ("Defendant") on or around September 19, 2016, pursuant to which I was to serve as the Defendant's "Chief Strategy Officer," for a limited time, after which my position would be converted to a high-level sales role.

3. The contract of employment specifically provided that I would be working from Piedmont, California, as opposed to Defendant's headquarters in New York City.

Case No. 17-cv-05624-WHA             1        Declaration of David Zweig In Support of
                                              Opposition to Motion To Set Aside Default

4. Throughout the term of my employment with the Defendant, I worked from my office in Piedmont, California and Defendant was aware of this fact.

5. The employment agreement specifically stated that "[my] primary business office and normal place of work will be Piedmont, California." Defendant further assigned me a sales territory covering California and the West coast.

6. Yosi had a strong desire to sell its product to doctors in California and I was part of a substantial marketing effort directed at doctors in California. While I worked for Yosi, I and a colleague made 40 cold calls in person in Los Angeles on behalf of Yosi, trying to sell its product in California. I also called dozens of California doctors' offices by phone, attempting to sell Yosi's product. In addition, I sent out hundreds of sales mailings to doctors in California.

7. I was terminated in the following manner: After not have been paid for nine months and having been the recipient of countless lies, misrepresentations and broken promises, and after Prasad took my largest potential account, having no further recourse I informed Prasad that I would not discuss Yosi business until I was paid. Prasad immediately wrote a colleague of mine and stated said that he would not continue to work with me and would immediately pay me all salary due.

8. At the time that I filed my lawsuit against Yosi, I was aware that Yosi had been previously represented by counsel. I was aware that attorney Maher represented Yosi during our employment and investment contract negotiations. There was no reason in my mind why Hari Prasad could not hire counsel to address the lawsuit.

9. After the lawsuit was filed, three attempts were made by two different process servers to effect personal service on Mr. Prasad, but Prasad avoided service.

10. After our failure to effect personal service on Mr. Prasad, I contacted the Delaware Division of Corporations to ascertain the name and address of the registered agent for Yosi, Inc. if any.

11. Pursuant to Delaware corporations law, all Delaware corporations such as the Defendant are required to maintain a registered corporate agent within the State of Delaware that is authorized to accept service of legal process on behalf of the corporation.

12. However, my brief investigation revealed that Defendant had no appointed registered agent in the State of Delaware because it had failed to pay the registered agent's annual fee for services.

13. On November 30, 2017, I hired JS Legal Services process server in New York City.

14. On December 1, 2017, I called the Delaware Department of Corporations to learn who could be served process within Yosi. They identified three other directors besides Prasad: one was not locatable and one is a Yosi employee. I was advised by the Delaware Division of Corporations that Dr. Jonathan Feistmann, a Manhattan-based eye doctor, was an active director of the Defendant's corporation.

15. I was also given the name Harvard Business Services as Yosi's listed agent. Calling Harvard, I learned that Yosi had not maintained its account in good standing and Harvard could not accept service for it. This was in violation of Yosi's charter and Delaware Laws.

16. On December 4, 2017, JS Legal Services attempted service at Yosi's office and was refused admission.

17. On December 5, 2017, JS Legal Services attempted service at Yosi's office and was refused admission.

18. I then chose to serve Feistmann as a director based on the following information:
- The Delaware Department of Corporations identified Feistmann as a director.
- Delaware Department of Corporations continues to identify Feistmann as a director.
- Feistmann had been personally introduced to me and others as a director.
- Feistmann attended two business meetings in New York City, with me present, as a director.

- Feistmann was listed on Yosi's website as a director.
- Directors are legal recipients of legal processes
- Feistmann has a duty of care to inform Yosi of the served process.
- Feistmann is an investor in Yosi and his son works for Yosi.

19. On December 7, 2017, JS Legal Services went to Director Jonathan Feistmann's office and he was served. In each case, the process was addressed to Yosi, Inc. and not Feistmann's business, NYC Retina. No answer was ever filed. Subsequently, we filed an amended complaint in the California action.

20. This amended complaint was personally served on Dr. Feistmann on April 3, 2018.

21. I have made substantial efforts to effect service in both actions, and Plaintiff's efforts to enforce the California judgment in New York.

22. On August 28, 2018, after judgment was obtained, I was advised by a North Carolina attorney that he could garnish payments to Yosi from its only meaningful customer located in Wake County, North Carolina. A motion was filed August 23, 2018. Prasad was served by mail on September 4, 2018.

23. In February 2019, Yosi retained New York counsel, Alejandro Maher, Esq. of Frigon, Maher, and Stern LLP, who made an offer of settlement and threatened to have the judgment overturned in New York but made no attempt to have the judgment in this Court vacated.

24. On February 14, 2019, I learned that the North Carolina attorney was mistaken and that Prasad would have to be an North Carolina resident or own real property in the state for the motion to go forward. I began the process of localizing the judgment to New York for collection.

25. On or around April 1, 2019, an attorney that I hired in New York to collect on the judgment filed a motion for summary judgment in lieu of Complaint in the Supreme Court of New York, New York County.

26. On April 4, 2019, Yosi's lawyer Maher wrote to my New York lawyer stating Maher is "not authorized to accept service on behalf of [his] client". Maher indicates Prasad has ordered him not to accept service.

27. The relief sought through this motion was essentially domestication and recognition of the above-referenced California judgment in the State of New York.

28. After filing this action, we served Maher, by sending a copy of the motion via priority U.S. Mail to Maher's address in New York City.

29. This mail was delivered as it was not returned to sender.

30. Subsequently, I made significant efforts to personally serve Defendant and its CEO Prasad at their WeWork office in New York City.

31. We hired two separate process servers to attempt to effectuate personal service upon Prasad, but neither could do so as they were both denied access to Defendant's offices by the security desk in the lobby of the Defendant's building.

32. Subsequently, we contacted the Delaware Division of Corporations to ascertain the name and address of Defendant's registered agent.

33. We learned that nothing had changed from 2017 and that Defendant still did not have an active registered agent in Delaware because Defendant had failed to pay the registered agent's fees.

34. Accordingly, I again contacted the Delaware Division of Corporations seeking to ascertain the names and addresses of Defendant's active officers and directors.

35. I was advised by the Division of Corporations that Dr. Jonathan Feistmann remained an active Director of the Defendant's corporation.

36. Accordingly, on April 10, 2019, a process server personally served Dr. Feistmann with copies of the motion for summary judgment in lieu of complaint filed in New York. As in the December 2017 service, the process was clearly addressed to Yosi, Inc., and not to Feistmann's business, NYC Retina.

37. A true and accurate copy of the affidavit of service upon Dr. Feistmann is attached hereto as *Exhibit A*.

38. At no point did Dr. Feistmann advise any process server that he was not authorized to accept service on behalf of Yosi.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct. Executed in Piedmont, California on July 16, 2019.

By /s/ David Zweig
David Zweig

Case No. 17-cv-05624-WHA     6     Declaration of David Zweig In Support of Opposition to Motion To Set Aside Default

# EXHIBIT A

## JACOB SINGER & ASSOCIATES
1357 BROADWAY, PMB 418
NEW YORK,. N.Y. 10018
TEL.: (212) 760-2300
FAX: (212) 760-0188
**AFFIDAVIT OF PERSONAL SERVICE**

SUPREME COURT OF NEW YORK STATE
COUNTY OF NEW YORK

---

DAVID ZWEIG

VS.                                                    INDEX# 651887/2019

YOSI INC.

---

State of New York, County of New York, SS:
    **JACK JOHNSON**
, being duly sworn deposes and says that deponent is over the age of eighteen years, is not a party to this action, and is a resident of New York State.
  On APRIL 10/2019 AT 11:50 A.M. at: 20 EAST 9TH STREET
NEW YORK, N.Y. 10003 Deponent served the annexed:
**SUMMONS:
NOTICE OF MOTION(ORAL ARGUMENT REQUESTED ONLY IF OPPOSED):
AFFIRMATION OF COUNSEL IN SUPPORT OF MOTION:
AFFIRMATION OF DAVID ZWEIG IN SUPPORT OF MOTION:
NOTICE OF ELECTRONIC FILING.**

on **DR. JONATHAN FEISTMANN** by delivering a true copy to said **DR. JONATHAN FEISTMANN** personally.

**Non-Military Investigation:** Deponent asked the person spoken to whether DR. JONATHAN FEISTMANN was in the military service of the U.S. Government and was toldDR. JONATHAN FEISTMANN was not

    Deponent describes the individual served as follows:
    SEX/RACE (skin color): MALE / WHITE
    HAIR COLOR/ APPROXIMATE AGE;DARK BROWN / 40-45 YRS.
    APPROXIMATE HEIGHT/ APP. WEIGHT:6'2"/ 190 LBS.

1543/PS4.19-17

JACK JOHNSON
#2037237