IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID ZWEIG, an individual

    Plaintiff,

  v.

YOSI, INC., a New York corporation,

    Defendant.

No. C 17-05624 WHA

**ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT**

This order holds that defendant Yosi., Inc. did not file its motion to set aside final judgment within a reasonable time under Rule 60(c) and failed to demonstrate excusable neglect under Rule 60(b). Its motion to set aside default judgment is **DENIED**.

Defendant Yosi, Inc. is a corporation that licenses a software application to hospitals and medical-care facilities. Yosi hired plaintiff David Zweig as its chief strategy officer in September 2016. As part of Zweig's job, he marketed and attempted to sell Yosi's software application licenses to doctors in California (Prasad Aff. ¶¶ 1, 4; Zweig Decl. ¶¶ 2, 6) (Dkt. Nos. 35-1; 41-2). Yosi and Zweig executed an employment agreement. Per the agreement, Zweig's primary business office and normal place of work was in Piedmont, California, and his base salary was $140,000 per year plus sales commissions and expenses (Dkt. No. 35-2 at 2–4). The agreement also stated that should Zweig "terminate this [a]greement for [g]ood [r]eason . . . [Yosi] shall pay [Zweig] a lump sum, cash severance payment equal to two months of the base salary in effect at such time". *Id.* at 5. Zweig worked for Yosi for approximately 13 months. In August 2017, Zweig resigned because he had not been paid in nine months (Prasad Aff. ¶ 11; Zweig Decl. ¶ 7) (Dkt. Nos. 35-1; 41-2).

Almost immediately thereafter, in September 2017, Zweig commenced this civil action by filing a complaint against Yosi in the Northern District of California (Dkt. No. 1). Four days later,

in October 2017, the clerk of court issued a summons directed at Yosi at "205 E. 42nd Street, 14th Floor, New York, New York, 10017" (Dkt. No. 5). Two days after that, Yosi's CEO Hari Prasad acknowledged the lawsuit in an email to Zweig's counsel. He wrote: "I am disappointed you filed in federal court . . . ." (Dkt. No. 41-1 at 10).

Zweig attempted to formally serve CEO Prasad three times, but CEO Prasad wasn't there. Zweig even changed process servers. This also failed. After months of effort, in December 2017, Zweig finally managed to serve the summons and complaint — not on CEO Prasad — but on one of Yosi's corporate directors: Jonathan Feistmann (Zweig Decl. ¶¶ 9–10, 19) (Dkt. No. 41-2). Yosi then had 21 days to answer the complaint or otherwise respond or be subject to judgment by default (Dkt. No. 8).

Zweig moved for partial summary judgment. As a courtesy, Zweig mailed the motion to Yosi (Dkt. No. 10). Still, because Yosi had yet to appear, in January 2018, Magistrate Judge Maria-Elena James denied the motion without prejudice (Dkt. No. 11). Zweig also sought an entry for default (Dkt. No. 12). The clerk of court subsequently entered default against Yosi (Dkt. 13).

In February 2018, Zweig moved for default judgment (Dkt. No. 18). Judge James ordered Zweig to file a supplemental brief explaining how Zweig calculated the requested damages. She also ordered Zweig to serve her order for supplement briefing on Yosi (Dkt. No. 19). Zweig filed the brief and mailed the order to Yosi (Dkt. Nos. 20, 21).

In March 2018, Zweig moved to amend his complaint (Dkt. No. 21). Judge James granted Zweig leave to amend the complaint to add a claim (Dkt. No. 22). In April 2018, the summons and amended complaint was formally served on Director Feistmann (Dkt. No. 25).

In May 2018, Zweig sought entry of default on the amended complaint. As a courtesy, Zweig mailed the request for default to Yosi (Dkt. No. 26). The clerk entered default against Yosi two days later (Dkt. No. 27). Five days after that, Zweig moved for default judgment. Zweig mailed the motion to Yosi (Dkt. No. 28).

In June 2018, Judge James analyzed the case and wrote a fifteen-page order. She recommended the district court grant Zweig's motion for default judgment in part and enter default judgment against Yosi. She recommended Zweig be awarded unpaid wages, severance, liquidated

damages, pre-judgment interest and court costs but be denied for attorney's fees and unreimbursed expenses. Judge James ordered Zweig to serve a copy of her report on Yosi (Dkt. No. 29). Zweig mailed her order to Yosi (Dkt. No. 32).

The next day, due to the failure of defendant to appear and to consent to a magistrate judge presiding over the case, this civil action went back on our wheel and came randomly to the undersigned judge (Dkt. No. 31). In July 2018, the undersigned adopted the report and recommendation by Judge James in full and subsequently entered the default judgment against Yosi in the amount of $172,977.36 (Dkt. No. 33 at 14). On July 5, 2018, judgment was entered in favor of Zweig. The clerk closed the file (Dkt. No. 34). Yosi never appeared.

Nevertheless, on July 31, 2018, Yosi's counsel emailed Zweig, quoted now in full: "I am in process of begin [sic] retained by Yosi to file an appeal in the above case. The deadline to file the appeal is quickly approaching, and my client would like to engage in settlement discussions before incurring the costs of an appeal" (Dkt. No. 41-1 at 34). Despite this email, Yosi never appeared nor appealed the default judgment.

Zweig hired New York counsel and began to take steps to enforce the default judgment by filing an action in the Supreme Court of the State of New York to domesticate the default judgment (Zweig Decl. ¶¶ 24–25) (Dkt. No. 41-2). Yosi appeared in the New York case and filed a cross-motion to enforce an arbitration provision in Zweig's employment agreement and dismiss the instant action.

Then, 363 days after the entry of default judgment, Yosi filed the instant motion herein to set aside entry of default and default judgment pursuant to Rules 55 and 60 (Dkt. No. 35). Plaintiff opposed (Dkt. No. 41). While the instant motion developed its briefing, the Supreme Court of the State of New York denied Zweig's domestication of the default judgment and granted Yosi's cross-motion to dismiss in light of the arbitration clause (Dkt. No. 48). A hearing was held on this motion in September 2019.

To summarize, over the past 21 months, Zweig formally served Yosi twice and at least three times provided informal mail notice of developments in the case. Specifically, Zweig mailed Yosi the motion for partial summary judgment, Judge James' order for vacating the

3

1 hearing and for supplemental briefing, the motion for entry of default on the amended complaint,
2 and the motion for default judgment. Two days after the clerk issued the summons, CEO Prasad
3 emailed Zweig's counsel. Zweig also served Director Feistmann the summons and complaint in
4 December 2017. And in April 2018, Director Feistmann was served the summons and amended
5 complaint. Yosi's counsel emailed Zweig's counsel shortly after the default judgment was entered
6 in July 2018. Still, Yosi failed to appear until 363 days after the entry of the default judgment.
7 This order now follows.

\* \* \*

Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." In turn, Rule 60(c)(1) provides "a motion under Rule 60(b) must be made within a reasonable time — and for reason[ ] (1) . . . no more than a year after the entry of the judgment or order or the date of the proceeding."

Turning first to Rule 60(c), Yosi failed to file its motion to set aside the entry of default judgment within a reasonable time. Yosi knew about this action from the outset, when CEO Prasad emailed Zweig's attorney acknowledging that Zweig had filed the lawsuit. At several junctures, Yosi was formally or informally apprised of the progress of the case. Only after Zweig had gone to considerable trouble and expense (as had the magistrate judge) did Yosi make any appearance in this civil action. It was not reasonable to wait 363 days after the entry of default judgment. Yosi sat on its hands, thumbing its nose at the district court's proceedings in California. Yosi's stall rates beyond unreasonable.

The foregoing is dispositive, but there's another point. Under Rule 60(b)(1), Yosi argues only that the motion should be set aside for excusable neglect. The Supreme Court has held that "excusable neglect" encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993). Yosi's failure was deliberate — not negligent.

Yosi argues that without counsel, it was not legally sophisticated enough to appear during this civil action. This argument fails. Our court of appeals has noted that "it is fair to expect that

4

individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001). Here, Yosi consulted with a lawyer, but appeared eleven months later. Yosi can therefore not hide behind any lack of legal sophistication.

Yosi also contends that it was never properly served. That is not true. Service of summons and complaint upon a director of a corporation constituted proper service. *See* FRCP 4(h); FRCP 4(e)(1); N.Y. C.P.L.R § 311(a)(1) (McKinney 1999). There is no requirement to serve only the CEO.

Yosi argues that to properly serve under Rule 4(h), process servers must inquire if the recipient is authorized to accept service on behalf of the corporation as determined in *Landauer Limited v. Joe Monani Fish Co., Inc.*, 101 A.D.3d 653 (1st Dep't 2012) and *Global Connect Strategic Voice of Broadcasting, Corporation v. Oxford Collection Agency, Inc.*, 50 A.D.3d 737 (2d Dep't 2008). In *Landauer*, the process server delivered papers to the only person in the office without any other context as to their position. 101 A.D.3d at 654. Similarly, in *Global*, the process server delivered papers to a person with no authority to accept process. 50 A.D.3d at 737. In both, the process server had no reasonable basis to believe that the individuals served were authorized to receive service of process on the defendant's behalf.

The facts differ here. Director Feistmann was the intended recipient of the summons. Zweig chose to serve Director Feistmann because he was one of Yosi's directors. Yosi's website and the Delaware Department of Corporations identified Director Feistmann as such. Only after confirmation, Zweig directed the process servers to serve Director Feistmann. The process servers correctly served the intended recipient (Zweig Decl. ¶¶ 18–20) (Dkt. No. 41-2). They did not need to further inquire about Director Feistmann's position. Yosi cannot claim excusable neglect when one of its own directors received proper service.

There is nothing excusable about Yosi's deliberate stall tactic, a tactic causing plaintiff to run up costs and expenses, not to mention the effort and resources expended by Judge James.

It is unnecessary to reach the issue of whether there is any meritorious defenses to set aside entry of default given the foregoing dispositive circumstances. Still, Yosi raised numerous defenses against Zweig: the Northern District Court of California does not have personal and subject-matter jurisdiction over Yosi; Zweig's employment contract includes a binding arbitration clause; Zweig breached his contract with Yosi; and the sum at stake is disputable (Dkt. No. 35 at 11–18). This order will briefly address Yosi's personal and subject-matter jurisdiction and arbitration clause defenses.

Yosi's argument that this district court lacked personal jurisdiction over Yosi fails. Yosi installed Zweig in California (and in this district) as its representative and authorized him to advance its business interests in California. That alone is enough to confer specific jurisdiction. It is true that the employment agreement called for arbitration in New York but that was merely a matter of contract, a matter to be asserted on motion at the option of defendant, not a matter that destroyed personal jurisdiction arising out of the commercial course of conduct. Subject-matter jurisdiction was correctly anchored in diversity and the amount in controversy exceeded the minimum required by statute.

As for the arbitration clause, that is not a defense on the merits. Regardless, if Yosi had wanted to arbitrate, it should have appeared and moved to compel arbitration, though it could have elected to forego arbitration and to litigate in our district court. Its failure to appear and to raise this issue arguably constituted a waiver or estoppel to raise arbitration.

These issues need not be reached in this case, however, because Rule 60(c) delay and Rule 60(b) neglect are each individually dispositive.

For the foregoing reasons, Yosi's motion to set aside entry of default judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE